MEIERHENRY, Justice
(concurring in result on issue one).
[¶ 40.] I concur with the majority on issues two and three, but concur in result on issue one. I disagree with the majority’s conclusion that Armstrong’s prior rape conviction was admissible under SDCL 19-12-5 (Rule 404(b)). The facts of that ten-year-old conviction are too dissimilar to be admissible in the trial on the current charged offense. See supra ¶ 16. Nevertheless, I would not find its admission into evidence to be reversible error.
[¶ 41.] This Court recently addressed the admissibility of a prior sex crime conviction in Fisher, which discussed the degree of similarity required for a prior conviction to be relevant as a prior act under SDCL 19-12-5 (Rule 404(b)). Fisher, 2010 S.D. 44, ¶ 29, 783 N.W.2d at 673-74. Fisher was charged with sexual contact and raping his daughter. The trial court admitted Fisher’s prior conviction for sexual contact with his thirteen-year-old stepsister, which occurred fourteen years earlier when Fisher was a juvenile. Id. ¶ 22, 783 N.W.2d at 671-72. Fisher’s prior act was introduced to prove intent, identity, plan, design, or scheme. Id. In the prior case, Fisher was approximately seventeen years-old, only four years older than his thirteen-year-old stepsister with whom he had sexual contact. In the subsequent case, Fisher was thirty-one years-old and the victim was his thirteen-year-old daughter. Id. ¶ 29, 783 N.W.2d at 673-74. In the prior case, Fisher and his stepsister did not live in the same home when the incident occurred. In the subsequent case, Fisher’s daughter was living with him when he committed the sexual contact and rape. Id. Ultimately, we determined that the prior act was inadmissible because it was too remote and that the facts were too dissimilar to be relevant. Id. ¶ 31, 783 N.W.2d at 674.
[¶ 42.] Here, Armstrong’s prior rape conviction is similarly remote in time and dissimilar in circumstances. The prior incident took place twelve years before the current incident. Armstrong was twenty-two years-old at the time. He is now thirty-three years-old. The prior victim was a fifteen-year-old female with whom he was casually acquainted. The current victim is Armstrong’s thirteen-year-old daughter. In the first incident, Armstrong *18 was only seven years older than the victim, and here he is twenty years older than his daughter. The prior incident took place at a house party where alcohol was involved, and both Armstrong and the victim were intoxicated. It occurred when Armstrong saw the victim lying naked on a bed in one of the bedrooms. He entered the bedroom and asked if she would like to have sex. Since the victim was under the age of consent, Armstrong was charged with third-degree rape. In this case, the alleged sexual contact took place in his daughter’s home where Armstrong was an overnight guest. Alcohol was not involved. Further, Armstrong is the victim’s biological father, and there is no allegation that he attempted to have intercourse with her. Additionally, the current charged offense is sexual contact with a child under sixteen, not rape.
[¶ 43.] Even though the majority discounts the remoteness of this prior incident because of Armstrong’s imprisonment, the passage of time should still be a factor in the degree-of-similarity analysis. Id. ¶ 31, 783 N.W.2d at 673. See also Chamley, 1997 S.D. 107, ¶ 16, 568 N.W.2d at 613-14. In this case, the prior act is too remote and the facts are too dissimilar to be relevant under SDCL 19-12-5 (Rule 404(b)) to prove absence of mistake or accident.
[¶ 44.] As the majority points out, a person should be tried for what he did, not for who he is. See supra ¶ 10. SDCL 19-12-5 (Rule 404(b)) clearly prohibits the admission of prior acts “to prove the character of a person in order to show that he acted in conformity therewith.” We said in Steichen: “Prior [ ] acts evidence is not admissible to show that, merely because a defendant committed a similar offense on another occasion, he has a propensity to commit the offense charged.” 1998 S.D. 126, ¶ 17, 588 N.W.2d at 874 (quoting Moeller, 1996 S.D. 60, ¶ 12, 548 N.W.2d at 471). SDCL 19-12-5 (Rule 404(b)) also prohibits the State from offering prior acts to show propensity, i.e. inclination. Here, the prosecutor told the judge that one of the reasons he was offering Armstrong’s prior rape conviction was to show “that [Armstrong] has an inclination to commit sexual crimes or contact with minors.”
[¶ 45.] Even though the trial court gave a limiting instruction during trial that the prior act could be considered to show absence of mistake or accident, the final instructions allowed the jury to consider the prior act “to show an inclination to commit the act complained of.”[3] I would thus conclude that under the facts and circumstances of this case, it was an abuse of discretion to admit evidence of Armstrong’s prior rape conviction. The circumstances and nature of Armstrong’s pri- or rape conviction were too remote and dissimilar when compared to the facts of the current charged offense.
[¶ 46.] Nevertheless, I am not convinced its admission warrants reversal. *19 Unlike Fisher, the prosecutor did not make the prior conviction a centerpiece of his case. It was only briefly described by one of the witnesses, who merely repeated Armstrong’s version of the incident. The prosecutor did not use it in his closing argument to the jury. Instead, the prosecutor emphasized that the jury’s decision hinged on whether they believed the daughter’s testimony. As such, the error does not merit reversal.

. Although the instruction is problematic, Armstrong did not object to the jury instruction at trial or challenge it on appeal. Jury Instruction 6A provided:
Evidence has been introduced that the Defendant committed an offense (or act) other than that which is now charged.
Although evidence of this nature is allowed, it may be used only to show an inclination to commit the act complained of, or absence of mistake or accident. You may not consider it as tending to show in any other respect the Defendant's guilt of the offense with which the Defendant is charged. Before determining whether to consider this evidence, you must first determine if a preponderance of the evidence established that the Defendant committed the other acts.
You are not required to consider this evidence and whether you do is a matter within your exclusive province.